RECEIVED
IN LAKE CHARLES, LA

JAN 1 6 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DUNHAM-PRICE GROUP, L.L.C.** | : | **DOCKET NO. 2:05 cv 2214** |
| **VS.** | : | **JUDGE MINALDI** |
| **PORT AGGREGATES, INC.** | : | **MAGISTRATE JUDGE WILSON** |

## PRELIMINARY INJUNCTION

Plaintiffs, Dunham-Price Group, L.L.C., Dunham Price, L.L.C., and R.E. Heidt Construction Co. (collectively "Dunham Price") move for the issuance of a preliminary injunctions enjoining Port Aggregates, Inc. ("Port Aggregates") from berthing, mooring, and anchoring ships in front of its property fronting the Calcasieu River. Port Aggregates opposes the request for injunctive relief. The request for a preliminary injunction was heard by the court on November 17, 2006 and January 12, 2007.

Having considered all memoranda submitted in support of and in opposition to the application for issuance of a preliminary injunction, exhibits submitted by the parties, the relevant case law, and having heard testimony and oral argument in open court, the court finds that:

1. To obtain a preliminary injunction, Dunham Price has the burden of establishing four factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat that Dunham Price will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to Dunahm Price outweighs the threatened harm the injunction might cause Port Aggregates; and (4) that the grant of the injunction will not disserve the public interest. *Tubwell v. Griffith*, 742 F.2d

250, 251 (5th Cir. 1984) (citing *Roberts v. Austin,* 632 F.2d 1202, 1207 (5th Cir. 1980); *Canal Authority of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974)).

2. Dunham Price has demonstrated a substantial likelihood of success on the merits of their claim that Port Aggregates is berthing ships in violation of state nuisance and tort law and 33 U.S.C. § 409. Dunham Price has also demonstrated a substantial likelihood of success on the merits of their claim that the protrusion of Port Aggregates' vessels threatens to compromise their Facility Security Plan.

3. Dunham Price has demonstrated that when certain large Panamex/Panamax[1] vessels are berthed at BT4, vessels attempting to moor at Dunham Price's facility must navigate in the small space between the bank and the protruding Panamex/Panamax vessel. Dunham Price has shown that such a practice is unsafe.

4. Dunham Price has further proven that vessels which protrude across the property line create security concerns. When protruding vessels are berthed at BT4, Dunham Price does not receive from that vessel the requisite security information which is customarily exchanged by the vessel and the docking facility. In addition to not receiving this requisite security information, Dunham Price is unable to control access to their facility in keeping with their Facility Security Plan.

5. For the reasons given in Paragraphs 3 and 4, Dunham Price has established a substantial threat that they will suffer irreparable injury if the injunction is not granted.

6. The threatened injury to Dunham Price from Port Aggregates' conduct outweighs the threatened harm the injunction might cause Port Aggregates.

---

[1] The motions and memoranda in this case refer to "Panamex" vessels. It appears that this term colloquially refers to "Panamax" vessels, which are defined as having the maximum allowable dimensions to navigate the Panama Canal.

7. The public interest favors the grant of a preliminary injunction on the facts of this case. Accordingly,

IT IS ORDERED that the plaintiffs' request for a preliminary injunction [doc. 1] is GRANTED.

IT IS FURTHER ORDERED that the defendant Port Aggregates, Inc., its officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with the defendant who receive actual notice of this preliminary injunction, by personal service or otherwise, are immediately enjoined from berthing, mooring, and anchoring vessels in front of or protruding into Dunham Price's property located on the Calcasieu River.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this ___16___ day of January, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT